UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PEDRO ZAMORA-CERVANTES et al.,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-02540-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioners Pedro Zamora-Cervantes, Oscar Vasquez-Sanchez, Ernesto Ballardo-Soto, Ruben Torres-Montes, Ismael Juarez Serrano, Lazaro Morales-Urieta, Ana Montes Jimenez, Esteban Godinez Godinez, Eloi Estrada-Lopez, Panfilo Cruz Medina, Baltazar Chavero Corona, and Gilberto Calmo-Ramirez entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials between May and July 2026, and are detained at the Northwest ICE Processing Center in Tacoma, Washington (NWIPC). Dkt. 1 ¶¶ 5–32. Petitioners have not received bond hearings to determine if they can be released pending their removal proceedings. Dkt. 9 at 4.

On July 17, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 53–57. On July 22, Federal Respondents filed a return to the habeas petition. Dkt. 9. Petitioners filed a traverse on July 23. Dkt. 10. Because Petitioners' detention without a bond hearing violates the INA, the Court GRANTS the habeas petition.[1]

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

---

[1] The parties agree that the claims of Petitioners Mario Martinez Alcaraz and Jaime Cortes Cortes should be dismissed because they have been granted voluntary departure and waived appeal. Dkt. 9 at 4 n.2; Dkt. 10 at 1.

> Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 53–57. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class. Dkt. 9 at 4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. At the request of the parties, the claims of Petitioners Mario Martinez Alcaraz and Jaime Cortes Cortes are DISMISSED.

2. The petition for writ of habeas corpus (Dkt. 1) is otherwise GRANTED.

3. Within fourteen days of receiving Petitioner Pedro Zamora-Cervantes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4. Within fourteen days of receiving Petitioner Oscar Vasquez-Sanchez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5. Within fourteen days of receiving Petitioner Ernesto Ballardo-Soto's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Petitioner Ruben Torres-Montes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Ismael Juarez-Serrano's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

8. Within fourteen days of receiving Petitioner Lazaro Morales-Urieta's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9. Within fourteen days of receiving Petitioner Ana Montes Jimenez's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

10. Within fourteen days of receiving Petitioner Esteban Godinez Godinez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

11. Within fourteen days of receiving Petitioner Eloi Estrada-Lopez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

12. Within fourteen days of receiving Petitioner Panfilo Cruz Medina's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

13. Within fourteen days of receiving Petitioner Baltazar Chavero Corona's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

14. Within fourteen days of receiving Petitioner Gilberto Calmo-Ramirez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

15. Upon the release of any Petitioner, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

16. Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in their bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 24th day of July, 2026.

Tiffany M. Cartwright
United States District Judge